[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 235.]

**DAYTON BAR ASSOCIATION *v*. SUAREZ.**

**[Cite as *Dayton Bar Assn. v. Suarez*, 2002-Ohio-5935.]**

*Attorneys at law—Misconduct—Eighteen-month suspension with nine months of sanction suspended on condition that no further misconduct be committed—Failing to adequately advise client of proceedings in his divorce and then attempting to hide the neglect.*

(No. 2002-1086—Submitted August 27, 2002—Decided November 13, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-18.

———————————

**Per Curiam.**

{¶1} This case requires us to decide the sanction for an attorney who failed to adequately advise her client of proceedings in his divorce and then tried to hide her neglect. The Board of Commissioners on Grievances and Discipline found that respondent, Isabel Suarez of Dayton, Ohio, Attorney Registration No. 0015899, committed this misconduct in violation of DR 1-102(A)(4) (conduct involving fraud, deceit, dishonesty, or misrepresentation) and (6) (conduct reflecting adversely on an attorney's fitness to practice law), 6-101(A)(3) (neglect of an entrusted legal matter), and Gov.Bar R. V(4)(G) (failure to cooperate in an investigation of misconduct). The board recommended that respondent be suspended from the practice of law in Ohio for 18 months. Upon review, we agree with the board's findings of misconduct; however, we find that an eighteen-month suspension, with nine months of this sanction stayed, is appropriate.

{¶2} In September 1997, respondent accepted $5,000 to represent a client in his divorce. The client advised respondent that he wanted to obtain custody of his four children because his wife could be abusive. The client brought respondent

the divorce complaint that had been filed against him as well as other papers. During November 1997, the client signed an affidavit of financial disclosure and, later, an affidavit regarding child custody, at respondent's office. Respondent reassured him at those times that his case was in good hands.

{¶3} On December 11, 1997, respondent found his wife removing items from their marital residence and learned from her that the final hearing in the divorce had been held on December 5, 1997. Respondent never notified her client of the hearing, nor did she appear on his behalf. After the client discovered respondent's neglect by visiting the courthouse and learning that respondent had filed nothing in the case, he went to her office, where respondent's staff advised him that she was out.

{¶4} Respondent called the client later that evening and offered to meet to discuss the divorce case. She also offered to represent him concerning a recent auto accident. The client declined, advising her that he did not want her representing him further, and retained another attorney.

{¶5} On December 15, 1997, three days after their last meeting, respondent filed an answer and counterclaim on her former client's behalf. She also filed the financial disclosure affidavit that she had prepared the month before. On January 9, 1998, the trial court granted a final judgment and decree of divorce based on petitioner's pleadings and the final hearing. Suarez's former client was not granted custody.

{¶6} Respondent repaid her former client's retainer fee, and he has since obtained custody of his two youngest children. He did not obtain custody, however, until the children had suffered domestic assaults.

{¶7} Thereafter, relator, Dayton Bar Association, investigated the allegations of this misconduct. In response to inquiries about the work she performed for the $5,000 fee her client paid, respondent claimed to have conducted computerized research and produced a printout of her work as proof. According to

the printout, however, the computer research was not undertaken until March 1998, almost three months after the former client's final divorce decree.

{¶8} Relator filed a complaint on April 12, 1999, charging respondent with violations of the Code of Professional Responsibility. A panel of the board heard the cause, found the facts regarding Suarez's conduct as stated, and concluded that respondent had committed the cited misconduct. Specifically, the panel found that respondent's failure to act on her client's behalf was "compounded by her misrepresentations to him that she was, in fact, protecting his interests." The panel also found that respondent had attempted to deceive relator about the work that she had done on her client's behalf.

{¶9} In recommending a sanction, the panel considered as an aggravating factor respondent's public reprimand for misconduct several years ago. *Disciplinary Counsel v. Suarez* (1998), 84 Ohio St.3d 4, 701 N.E.2d 683. The panel was also troubled by what it considered to be her lack of candor, remorse, and inability to take responsibility for her misconduct. The panel recommended that respondent be suspended from the practice of law for 18 months. The board adopted the panel's findings of misconduct and recommendation.

{¶10} We agree that respondent violated DR 1-102(A)(4) and (6) and Gov.Bar R. V(4)(G). On credibility issues, we generally defer to the panel's and board's determinations. *Cleveland Bar Assn. v. Cleary* (2001), 93 Ohio St.3d 191, 198, 754 N.E.2d 235. We follow this rule here despite respondent's assurances that she did not mean to delude her client or relator with misrepresentations.

{¶11} In her objections and before the panel, respondent contended that she had to recreate her computer research because a former staff person had tampered with her office files. She also claimed that she had provided the printout to relator as an example of her work, not as the actual work product. This explanation would be more plausible if respondent had not already supplied two conflicting accounts for having failed to appear at the hearing in her client's divorce.

**{¶12}** During the investigation, respondent said that she had received notice of her client's December 5, 1997 hearing date but had placed it by mistake on her calendar for a date in January 1998. At the panel hearing, however, respondent said that she had been under the impression that a staff member had already filed the answer and counterclaim that she had prepared. Thus, she claimed to have missed the December 5th hearing because she was waiting for the court to assign a hearing date and had not realized that the case had been put on the court's noncontested docket as a result of the default.

**{¶13}** We also find that respondent neglected her client in violation of DR 6-101(A)(3). We do so, however, not only because respondent's former client attested to her neglect, but because respondent conceded this misconduct and took responsibility for it at various times during these proceedings. As a result of her concessions and contrary to the board's conclusions, we find mitigating factors in this record. In fact, we are also encouraged that respondent returned her client's money.

**{¶14}** For these reasons, it is not necessary to remove respondent from her practice for the full eighteen-month suspension recommended by the board. Accordingly, we order that respondent be suspended from the practice of law for 18 months, but nine months of this sanction will be suspended on the condition that she commit no further misconduct. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

---

**COOK, J., dissenting.**

**{¶15}** Because I would adopt the recommendation of both the panel and the board to suspend Suarez for eighteen months, I respectfully dissent.

_____

Green & Green and Thomas L. Czechowski, for relator.

Bieser, Greer & Landis, L.L.P., and David C. Greer, for respondent.

_____